**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**NOLVIN ISMAEL HERRERA,**               CASE NO. 4:26 CV 125

    Petitioner,

    v.                                                JUDGE JAMES R. KNEPP II

**SECRETARY OF THE U.S. DEPARTMENT
OF HOMELAND SECURITY, et al.,**

    Respondents.                              **ORDER**


Petitioner Nolvin Ismael Herrera ("Petitioner"), an immigration detainee presently in federal custody, filed a Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). This case was referred to Magistrate Judge Reuben J. Sheperd for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). After Judge Sheperd issued the R&R, the Sixth Circuit determined individuals such as Petitioner who resided within the United States at the time of their arrest were not "seeking admission" under the Immigration and Nationality Act.[1] *See Lopez-Campos*, --- F.4th ---, 2026 WL 1283891, at *8–9 (6th Cir. 2026). As a result, Petitioner and similarly situated individuals may only lawfully be detained pursuant to the INA's permissive detention scheme entitling them to a bond hearing to determine their eligibility for release. *Id.* at *11 (explaining where a Petitioner is not "seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply . . . Petitioners could have been detained pursuant to only § 1226.").

---

1. Hereinafter "INA." The INA is codified at 8 U.S.C. §§ 1101–1537. For simplicity's sake, the Court uses INA to refer to the entirety of Chapter 12 of Title 8 of the United States Code and does not distinguish between those portions of Chapter 12 adopted through the INA, the Illegal Immigration Reform and Immigrant Responsibility Act, and the Laken Riley Act.

The Government now concedes Petitioner is entitled to a bond hearing pursuant to § 1226 of the INA. *See* Doc. 16, at 2.

Judge Sheperd's R&R suggests this Court rule on broader grounds than the Government's concession, however. Specifically, the R&R determined Respondents had not "sufficiently supported the lawfulness of Herrera's initial detention" and recommended this Court "order his immediate release." (Doc. 14, at 34). The R&R reasoned the Government "violated its own Constitutional principles by arresting and detaining Herrera without substantiating a reason, despite Herrera's compliance with release conditions." *Id.* at 19. According to *Lopez-Campos*, individuals such as Petitioner are subject to detention and, potentially, release on bond or conditional parole, pursuant to § 1226(a). When Petitioner entered the United States, became "present in the United States" without being lawfully admitted,[2] and was placed into removal proceedings, his release pending a decision on his removability was governed by § 1226(a)'s "default rule." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) (plurality); *see* Doc. 14, at 2 (explaining Petitioner "was placed in removal proceedings on August 31, 2022," after crossing into the United States in June 2022); 8 U.S.C. § 1226(a) (dictating aliens may be arrested, detained, or conditionally released "pending a decision on whether the alien is to be removed from the United States"). When an alien is released pending a removal decision pursuant to § 1226(a), implementing regulations dictate the alien's release "may be revoked at any time in the discretion

---

2. While Petitioner was "paroled" into the United States pursuant to § 1182(d)(5) following his initial border crossing in June 2022, *see* Doc. 14, at 24–25, such parole does not alter Petitioner's status as an "applicant for admission" who is not "seeking admission" and therefore subject to detention pursuant to § 1226(a). 8 U.S.C. § 1182(d)(5)(A) (explaining paroling individuals such as Petitioner "shall not be regarded as an admission of the alien and . . . thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."); *Lopez-Campos*, 2026 WL 1283891, at *8–9.

of the district director" and other qualifying immigration enforcement officials. 8 C.F.R. § 236.1(c)(9).

Thus, no statute or regulation requires Respondents to provide a particular reason for terminating Petitioner's release pending a removal decision under § 1226(a). Continued release is discretionary, and the proper avenue to remedy Petitioner's allegedly improper detention is § 1226(a)'s bond hearing framework. The Court therefore disagrees with the R&R's conclusion that Respondents violated Petitioner's Constitutional rights in connection with his December 2025 arrest. The R&R did not apply § 1226(a) or 8 C.F.R. § 236.1 to Petitioner in this context, and the Court finds no sufficient reason to believe they are unconstitutional as applied to Petitioner. Thus, the Petition will be denied to the extent it seeks Petitioner's immediate release.

For the foregoing reasons, good cause appearing, it is

ORDERED that the Petition (Doc. 1) be, and the same hereby is, GRANTED IN PART and DENIED IN PART as set forth herein, and it is

FURTHER ORDERED that, in accordance with *Lopez-Campos*, 2026 WL 1283891, Respondents shall within 7 days either afford Petitioner the statutory process required under 8 U.S.C. § 1226(a), which includes a bond hearing, or release him from custody.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 26, 2026

3